AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
DISCLOSURE OF PROSPECTIVE CELL-SITE DATA AND E-911 PHASE II DATA; DISCLOSURE OF STORED TELECOMMUNICATIONS RECORDS; AND INSTALLATION OF A PEN REGISTER/TRAP AND TRACE DEVICE ON (202) 926-5659 AND (540) 383-0688

Case No. 1:22-sw-441

**UNDER SEAL**

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
SEE ATTACHMENT A

located in the _____ District of ___New Jersey___ , there is now concealed *(identify the person or describe the property to be seized)*:
SEE ATTACHMENT B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1349 | Conspiracy to Commit Mail and Wire Fraud. |

The application is based on these facts:
SEE AFFIDAVIT

☑ Continued on the attached sheet.

☑ Delayed notice of __30__ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

FBI Special Agent Blake Frohnapfel
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
___telephone___ *(specify reliable electronic means).*

Date: 08/12/2022

_____
Judge's signature

City and state: Alexandria, Virginia

The Honorable Theresa C. Buchanan, U.S. Magistrate Judge
Printed name and title

## ATTACHMENT A

### PROPERTY TO BE SEARCHED

1. The cellular telephones assigned call numbers **(202) 926-5659** AND **(540) 383-0688**, with listed subscriber(s) of ERIC WILHOIT ("TARGET TELEPHONE 1") and an individual identified by their initials, JW ("TARGET TELEPHONE 2"), whose wireless service provider is T-MOBILE ("TELEPHONE SERVICE PROVIDER PROVIDER"), headquartered at Parsippany, New Jersey.

2. Records and information associated with the TARGET TELEPHONES that is within the possession, custody, or control of the TELEPHONE SERVICE PROVIDER.

## ATTACHMENT B

PARTICULAR THINGS TO BE SEIZED

I. **INFORMATION TO BE DISCLOSED BY THE PROVIDER**

To the extent that the information described in Attachment A is within the possession, custody, or control of the TELEPHONE SERVICE PROVIDER, including any information that has been deleted but is still available to the TELEPHONE SERVICE PROVIDER or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the TELEPHONE SERVICE PROVIDER is required to disclose to the government the following information pertaining to the TARGET TELEPHONES listed in Attachment A and its related accounts with the TELEPHONE SERVICE PROVIDER ("SUBJECT ACCOUNTS"):

   A. **The following information about the customers or subscribers associated with the SUBJECT ACCOUNTS for the time period of 60 days preceding the date the Warrant is executed up to the present:**

   1. Names (including subscriber names, user names, and screen names);

   2. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

   3. Local and long distance telephone connection records;

   4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

   5. Length of service (including start date) and types of service utilized;

   6. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

   7. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

    8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

**B. The following historical stored telecommunications records associated with the SUBJECT ACCOUNTS for the time period of 60 days preceding the date the Warrant is executed up to the present:**

1. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the SUBJECT ACCOUNTS, including:

   a. The date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

   b. All available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the TARGET TELPHONES.

**C. The following prospective data associated with the TARGET TELEPHONES for the time period of 30 days from the date of the Warrant (or the date the monitoring of the TARGET TELEPHONES location becomes operational, whichever is later:**

1. Information associated with each communication to and from TARGET TELPHONES for a period of 30 days from the date of the Warrant or the date the monitoring equipment for the device's location becomes operational, whichever is later, during all times of day and night, including:

   a. Any unique identifiers associated with the cellular device, including ESN, MEIN, MSISDN, IMSI, SIM, or MIN;

   b. Source and destination telephone numbers;

   c. Date, time, and duration of communication; and

   d. All available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the TARGET TELPHONES.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II.   INFORMATION TO BE SEIZED BY THE GOVERNMENT

All information described above in Section I that will assist in arresting ERIC WILHOIT, who was charged with conspiracy to commit mail and wire fraud, in violation of Title 18, United States Code, Section 1349, is the subject of an arrest warrant issued on June 26, 2022 and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the TELEPHONE SERVICE PROVIDER in order to locate the things particularly described in this Warrant.